IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SALAHUDIN SHAHEED | : | NO. 15-187 |

MEMORANDUM

Bartle, J.                                              August 20, 2015

Before the court is the appeal of defendant Salahudin Shaheed ("Shaheed") of the Magistrate Judge's bail order and his motion for pretrial release.

Shaheed has been indicted for conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), attempted robbery also in violation of § 1951(a) and (2), and kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2). The superseding indictment charges that Shaheed devised a scheme to rob a jewelry store in Philadelphia, Pennsylvania.

The Government will present evidence at trial that after casing the store for an extended period, Shaheed allegedly recruited two codefendants to assist with the robbery. On or about April 4, 2015, he and his codefendants purportedly went to the jewelry store in a van, abducted a 53-year-old jewelry store employee, bound her hands and feet, and drove away with her. According to the Government, Shaheed and the other defendants beat the employee and repeatedly shocked her with a Taser in an attempt to force her to give up the keys and to divulge security

and alarm codes for the store.  When the employee explained that
she did not have what the defendants sought, they allegedly
continued to beat her.  They eventually abandoned the victim
bound, gagged, and blindfolded in a cemetery in Darby,
Pennsylvania.  As stated in the superseding indictment, they
also withdrew money from her bank account by using her debit
card.

After a hearing, Magistrate Judge Elizabeth Hey
ordered Shaheed to be detained without bail before trial.
Shaheed now seeks review of this order under 18 U.S.C.
§ 3145(b).  We held an evidentiary hearing and now make a de
novo determination of the defendant's eligibility for bail and
what pretrial conditions of release, if any, are appropriate.
See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir.
1985).

Bail is to be determined in accordance with the Bail
Reform Act, 18 U.S.C. §§ 3141 et seq.  Under § 3142 the court is
to release a defendant on personal recognizance or subject to
conditions unless it determines after a hearing that there is
"no condition or combination of conditions [which] will
reasonably assure the appearance of the person as required and
the safety of any other person and the community."  18 U.S.C.
§ 3142(e), (f).  Except in certain circumstances not relevant
here, it is the Government's burden to prove by a preponderance

of the evidence that no such conditions exist.  The court is to

consider the following factors in making its determination:

> (1)  [T]he nature and circumstances of the
>      offense charged, including whether the
>      offense is a crime of violence, a
>      violation of section 1591, a Federal
>      crime of terrorism, or involves a minor
>      victim or a controlled substance,
>      firearm, explosive, or destructive
>      device;
> (2)  the weight of the evidence against the
>      person;
> (3)  the history and characteristics of the
>      person, including--
>      a. the person's character, physical and
>         mental condition, family ties,
>         employment, financial resources,
>         length of residence in the community,
>         community ties, past conduct, history
>         relating to drug or alcohol abuse,
>         criminal history, and record
>         concerning appearance at court
>         proceedings; and
>      b. whether, at the time of the current
>         offense or arrest, the person was on
>         probation, on parole, or on other
>         release pending trial, sentencing,
>         appeal, or completion of sentence for
>         an offense under Federal, State, or
>         local law; and
> (4)  the nature and seriousness of the
>      danger to any person or the community
>      that would be posed by the person's
>      release....

Id. § 3142(g).

     We begin with the nature and circumstances of the

charged offenses.  Shaheed is charged with crimes of an

extremely violent nature.  As noted above, he and his

coconspirators are alleged to have attempted to rob a jewelry

store and to have kidnapped one of its employees.  They carried her away in a van bound at the hands and feet and tortured her in an attempt to extract information.  Frustrated with her inability to give them what they sought, the defendants purportedly dumped her in a cemetery a few miles away.

The conspiracy and attempted robbery charges each carry a maximum penalty of 20 years.  For the kidnapping charge Shaheed faces a possible term of life imprisonment if convicted. Under these circumstances, there is a significant risk of flight.  The nature and circumstances of the crimes charged and the heavy sentence to which he is subject if convicted militate heavily against pretrial release.

Turning to the weight of the evidence against the defendant, we note that one of Shaheed's alleged coconspirators is prepared to testify for the Government.  The victim is also expected to take the witness stand.  While Shaheed argues that both of these witnesses will be open to impeachment, it appears at this stage as though the Government has assembled a substantial body of evidence against him.  This factor also weighs against pretrial release.[1]

In addition, there are concerns that others including the victim will be at risk should Shaheed be released.  As noted

---

[1]  We stress, however, that we are not making any determination at this stage as to what verdict the jury is likely to reach at trial.

above, Shaheed has been charged with crimes of the utmost seriousness where he faces life imprisonment.  The victim is a key witness who will testify about her ordeal and how she was brutalized by Shaheed and his codefendants.  According to the Government, she lives in deep fear that the defendants will find her and do her harm, an understandable apprehension given her plan to testify and the nightmare she is alleged to have suffered.  That fear is not unfounded.  There is a risk of harm to the victim should Shaheed be released.

At the hearing Shaheed presented the testimony of several character witnesses, including his mother and a number of his "spiritual" friends.  Each of these witnesses testified that Shaheed has been a positive role model in his community and a model father to his three young children.  Shaheed is a lifelong resident of Philadelphia and has family here.  He has always appeared when required for court hearings.  Nonetheless, Shaheed has been unemployed since 2013.  While he has no criminal convictions since at least 2003 and has not been incarcerated since that time,[2] he has been subject to a protection from abuse order entered in favor of his fiancée.  In addition, he has had several other run-ins with the criminal justice system, at least some of which were not known to his

---

[2]  Shaheed pleaded guilty to possession of a controlled substance in 2003 and was sentenced to two years' probation.

character witnesses.  Considering all these factors, he remains a risk to the safety of other persons.

The Government has established by a preponderance of the evidence that there is no condition or combination of conditions of pretrial release that would reasonably assure Shaheed's appearance at trial and the safety of any other person and the community.  Accordingly, the appeal of Salahudin Shaheed of the Magistrate Judge's bail order and his motion for pretrial release will be denied.